U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV 2 0 2008

ROBERT H. SHEMWELL, CLERK
BY _____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GEORGE R. BRANEFF** | : | **DOCKET NO. 2:07-CV-2060** |
| **VS.** | : | **JUDGE MINALDI** |
| **TIDELANDS GEOPHYSICAL CO.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a Motion For Summary Judgment, filed by the defendant Tidelands Geophysical Company (hereinafter "Tidelands") [doc. 16]. The plaintiff, George R. Braneff, filed a deficient Opposition [doc. 27]. A Notice of Deficiency was issued on November 3, but the deficiency has not been cured. Tidelands filed a Reply [doc. 29].

### FACTS

Co-owners Bill McGraw and Loyce Rey Palmer granted Tidelands seismic permits over a square forty-acre tract in Beauregard Parish, which is the property at the heart of this litigation.[1] These permits were issued on June 29, 2006 and were valid for twelve (12) months.[2] The permits granted Tidelands permission to conduct a seismic survey, which included the right of ingress and egress.[3] Pursuant to the parties' agreement, Tidelands paid Mr. McGraw and Mr. Palmer $500 for damages, and Tidelands was bound to pay additional sums for damages to crops

---

[1] Def.'s Ex. C (Seismic Permits).

[2] *Id.*

[3] *Id.*

1

"based upon the reasonable market value, assuming the harvest of a normal crop."[4] The seismic contract further stated that:

> Our operations will be conducted in accordance with standard industry practices and in a prudent and careful manner, and we agree to indemnify and hold you harmless from all liability and claims, if any, that may result from the operations conducted under this permit.[5]

Tidelands filed notice it was beginning seismic operations with the Beauregard Parish Clerk of Court on May 25, 2006.[6] On September 15, 2006, Mr. McGraw and Mr. Palmer sold the property to Mr. Braneff for $60,000.[7] The deed stated that "Seller reserves all of the oil, gas, and other minerals in, on and under the land conveyed herein, but agrees that the surface of the land shall not be used for the exploration for or development of any mineral."[8] The Deed also states that "no title opinion, survey, mortgage or lien search, title examination, record search, or abstract update has been requested by the Parties..."[9] Mr. Braneff admits the sellers informed him of the seismic permits.[10] Mr. Braneff claims that the sellers stated the permits expired in December 2006; however, Mr. Braneff also admits that he did not perform a record search.[11]

In 2006, Tidelands began seismic operations on the property by performing a survey of

---

[4] *Id.*

[5] *Id.*

[6] Def.'s Ex. E.

[7] Def.'s Ex. A.

[8] *Id.*

[9] *Id.*

[10] Def.'s Ex. B (Braneff Dep.)

[11] *Id.*

2

the property, which requires that vegetation and visual obstructions be removed to allow a clear sightline.[12] Tidelands "surveyed the property and used a drilling rig to drill the holes and set the charges on the plaintiff's property."[13] Tidelands completed its seismographic testing in June 2007.[14] Mr. Braneff filed suit on October 26, 2007, seeking damages for mental anguish, the cost of replacing every tree on his property, pain and suffering, and treble damages pursuant to La. Rev. Stat. 3:4278.1 for Tidelands' "gross negligence."[15] Mr. Braneff stated that his home, wells, water structure, sheds and any other buildings have not been damaged.[16]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

If the movant, however, satisfies this burden, the nonmoving party must then "designate specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for

---

[12] Def.'s Ex. F (Gaspard Aff.)

[13] Def.'s Mem. in Supp. of Mot. For Summ. J., at 4; *see also* Def.'s Ex. F.

[14] Def.'s Ex. D (Lary Roberds Aff.)

[15] Compl. [doc. 1].

[16] Def.'s Ex. B (Braneff Dep.)

summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## ANALYSIS

At the outset, although Mr. Braneff raises several arguments pertaining to the responsibilities of mineral lessees, Tidelands is not a mineral lessee. Tidelands held a seismograph permit to conduct seismic exploration on the property. Mr. Braneff is also suing Tidelands for trespass and breach of its duty to act reasonably in conducting seismic operations.

### A.) Trespass

An entity may be sued for trespass when it performs seismic activity without the landowner or mineral lessee's consent. *Musser Davis Land Co. v. Union Pac. Res.*, 201 F.3d 561, 567 (5th Cir. 2000). Pursuant to La. Rev. Stat. Ann. § 30:217(A), before performing seismic exploration, a party must have either the consent of the owner or permits as provided by the Louisiana Mineral Code. Prior to entering the property, a party wishing to conduct seismic exploration shall file with the clerk of court written notification of the intention to conduct such exploration. *Id.* § 30:217(B)(1).

Tidelands has satisfied its summary judgment burden of presenting evidence that it not only obtained Mr. McGraw's and Mr. Palmer's consent prior to seismic exploration, but also that it obtained permits as required by the Louisiana Mineral Code. Also, prior to starting seismic exploration on the property, Tidelands filed notification with the clerk of court for Beauregard Parish. Thus, Tidelands has demonstrated its compliance with La. Rev. Stat. Ann. § 30:217.

4

Pursuant to Fed. R. Civ. P. 56(c), the burden then shifts to Mr. Braneff to present competent summary judgment that Tidelands has engaged in trespass. Mr. Braneff has not offered any competent summary judgment evidence that would create a triable issue of fact as to whether Tidelands committed trespass. Accordingly, this Court finds that as a matter of law Tidelands did not trespass on Mr. Braneff's property.

### B.) Breach of Duty to Act Reasonably in Performing Seismic Exploration

Mr. Braneff also sues Tidelands for damage to his property resulting from Tidelands' failure to act reasonably in performing seismic exploration. Tidelands submits an affidavit from its expert, Brian Gaspard, explaining how Tidelands operated reasonably to avoid unnecessary damage to Mr. Braneff's property.[17] Mr. Braneff has not presented any competent summary judgment evidence to create a triable issue of fact as to whether Tidelands acted reasonably.

A bench trial is scheduled for December 15, 2008 and the deadline for expert reports has passed. Mr. Braneff has not designated an expert witness to testify that Tidelands operated unreasonably, and is therefore unable to prove a portion of his claim at trial. In Opposition, Mr. Braneff argues that his damages estimate prepared by Dean Domingue of D&D Cutters for damaged timber on August 9, 2007 has not been controverted, and that Mr. Braneff himself plans to testify as to damage to deer feed plots, dedicated fruit trees, adverse impact on wildlife, topsoil, landscape, and that Tidelands did not perform drilling according to the best management practices as is required by the Louisiana Department of Wildlife. Mr. Domingue was not listed as an expert on the expert disclosures, and Mr. Braneff has not indicated his intention to call him at trial. Thus, it appears that the only witness as to damages and liability Mr. Braneff plans to

---

[17] Def.'s Ex. F (Gaspard Aff.)

call at trial is himself.[18] Without expert witnesses to testify on industry standards and damages, Mr. Braneff is unable to support his claim at trial. Even though Mr. Braneff's assertions of damages to his property are undisputed, those damages are only compensable if Mr. Braneff first establishes that Tidelands failed to act reasonably.

Mr. Braneff, as the plaintiff, bears the burden of proving by a preponderance of the evidence all aspects of his case. Because Mr. Braneff does not have an expert witness who can testify that Tidelands failed to act as a reasonably prudent operator or an expert witness to testify as to damages, this Court finds as a matter of law that no reasonable trier of fact could find for Mr. Braneff at trial; accordingly,

IT IS ORDERED that the defendant's Motion For Summary Judgment [doc. 16] is hereby GRANTED,

IT IS FURTHER ORDERED that this case is hereby DISMISSED in its entirety.

Lake Charles, Louisiana, this 22 day of Nov, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[18] Mr. Braneff stated during deposition that he does not have any expertise in seismographic activity. Def.'s Ex. B, p. 62.